IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DERRICK MITCHELL, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-137-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner DERRICK MITCHELL, JR. has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging a state prison ruling finding him guilty of the disciplinary offense of refusing or failing "to turn out for his work assignment without a legitimate reason," and assessing the forfeiture of forty-five (45) days previously earned good-time days as punishment.[1] [ECF 3]. Petitioner appears to assert the ruling should be overturned because the work assignment he was given was improper because (1) the underlying criminal sentence for which he is confined does not include, as a condition of his confinement, that he be required to perform "labor" and petitioner did not otherwise voluntarily agree to the work assignment, and (2) petitioner was not properly trained in various safety procedures to safely perform the work assignment as required by TDCJ guidelines. [*Id*. at 6-8]. Petitioner appears to conclude that respondent's

---

[1] Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

"altering" of his original Judgment of Conviction to include a work or labor component deprives him of his federal constitutional right to due process, and that the taking of his good time as punishment for refusing to comply with the improper work assignment deprived him of a constitutionally protected liberty interest. At the time he filed his federal habeas application, petitioner was incarcerated at the Neal Unit in Potter County, Texas.

In order to challenge the constitutionality of a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner cannot meet both prerequisites to properly bring this federal habeas corpus action.

Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice reflects petitioner is currently confined pursuant to a November 12, 2015 conviction for aggravated sexual assault out of the 416th Judicial District Court of Collin County, Texas, and the resultant 35-year sentence assessed therefor. *See State v. Mitchell*, No. 416-82777-2014. The mandatory supervision eligibility statute in effect when petitioner committed his offense on August 30, 2014 stated, "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a first degree felony under § 22.021 [of the Texas] Penal Code [aggravated sexual assault.]" Tex. Gov't Code § 508.149(a)(8) (2014).

In response to Question 15 of his form habeas application, petitioner also acknowledges that for his original conviction, there was a judicial finding that he used or exhibited a deadly weapon during the commission of his original offense. [ECF 3 at 5]. The mandatory supervision eligibility statute in effect when petitioner committed his aggravated sexual assault offense stated "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been

previously convicted of . . . an offense for which the judgment contains an affirmative [deadly weapon] finding." Tex. Gov't Code § 508.149(a)(1) (2014). In response to Question 16 of his form federal habeas application, petitioner concedes he is <u>not</u> eligible for release to mandatory supervision. [*Id.*].

As petitioner is serving a sentence for first degree aggravated sexual assault, he is not eligible for mandatory supervision. Moreover, as petitioner's judgment of conviction contained an affirmative deadly weapon finding, he is not eligible for mandatory supervision. As petitioner is not eligible for mandatory supervised release, he may not challenge a state prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application must be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DERRICK MITCHELL, JR. be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 3, 2020.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

# \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).